Robinson, J.
 

 The plaintiff in error is organized and exists under favor of Sections 2976-1 to 2976-10¿, inclusive, General Code. It is given the power of eminent domain under Section 2976-7, General Code. On May 7, 1925, plaintiff in error filed its petition in the probate court of Medina county to appropriate certain real estate of the defendants
 
 *443
 
 in error. Such proceedings were had thereon that on July 23, 1925, by the verdict of a jury, the value of the real estate was fixed. On August 4, 1925, the verdict was approved, confirmed, and journalized by the probate court. Error was prosecuted by the plaintiff in error to the court of common pleas of that county, and on February 6, 1926, that court approved and affirmed the order of the probate court. On April 13, 1926, plaintiff in error filed its petition in error in the Court of Appeals of that county. On June 10, 1926, defendants in error filed their motion in the Court of Appeals to dismiss the error proceedings there pending, for the reason .that more .than six months had elapsed since the approval and confirmation of the verdict of the jury by the probate court; no suspension of the execution of the order having been made by the probate court and no payment to the defendants in error of the amount of the verdict having been made, nor any deposit of such sum with the court. On June 30, 1926, the Court of Appeals sustained the motion and dismissed the petition in error of the plaintiff in error. Error is prosecuted here.
 

 The sole question presented here is whether the provision of Section 3697, General Code, “when a municipal corporation makes an appropriation of property, and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its rights to make such appropriation on the terms of the assessment so made shall cease and determine,” has application while a proceeding in error is pending.
 

 It is the contention of the plaintiff in error that since Section 3695, General Code, gives to the
 
 *444
 
 municipality an absolute right to “prosecute error as in other civil actions,” and since in the ordinary process of such a proceeding from the probate court, through
 
 the
 
 common pleas court, the Court of Appeals and this court, necessarily more than six months time will be consumed, therefore the provisions of Section 3695 operate by implication either to modify the provision of Section 3697 as to the date when the six months period begins to run, or to repeal such provision; and it is argued that since Section 3697 was enacted in substantially its present form in 1869 (66 Ohio Laws, p. 240, Section 537), and that prior to 1902, when by Section 21 of the Municipal Code (96 Ohio Laws, p. 29, Section 21) the absolute right was conferred upon municipalities to prosecute error, there was no such right, it therefore could not have been the intention of the Legislature in 1902 to confer the absolute right to prosecute error upon the municipality and at the same time leave the prosecution of error through the various courts to the court of last resort impossible by retaining in full force the limitations of Section 3697, G-eneral Code.
 

 While it is a rule of interpretation that where a later enactment is in conflict with an earlier enactment, and it is apparent that the two cannot stand, the earlier enactment must give way to the later enactment, it is likewise a rule of interpretation that where a recodification takes place, and an earlier enactment is bodily carried into the re-enactment, and new matter inconsistent therewith is enacted at the same time, the new matter is controlling over the matter that was but a reenactment. But in the instant case the absolute
 
 *445
 
 right to prosecute error, which was conferred by the enactment of 1902 (96 Ohio Laws, p. 29), was but an extension of the qualified right to prosecute error which had been conferred by an act of 1878 (75 Ohio Laws, p. 311, Section 28):
 

 “The municipal corporation shall have no right of appeal; nor shall it prosecute error, except upon leave of the reviewing court or a judge thereof.”
 

 If we were to reach the conclusion that the absolute right to prosecute error, conferred by the act of 1902, repealed by implication the six months provision of Section 3697, General Code, we would be compelled to the conclusion that the qualified right to prosecute error, conferred by the act of 1878, accomplished the same result, since we cannot assume that a reviewing court or a judge thereof would in all cases refuse leave to file a petition in error. While the conclusion, that the conferring of the qualified right to prosecute error in 1878 necessarily had the same relation to and effect upon Section 3697 that the conferring of the absolute right in 1902 had, still does not place Section 3695 and Section 3697 on a parity in those respects as to point of time of enactment, yet, in view of the fact that the right of a municipality to prosecute error, qualified or absolute, has existed for nearly half a century, and various provisions of both Sections 3695 and 3697 have been the subject of revision and recodification, so as to require the redrafting of both sections a number of times in that period, we do not feel warranted in assuming either that it was the intention of the legislation to repeal the six months provision of Section 3697
 
 *446
 
 by implication or that it has been carried in the statute during all that period by inadvertence. Indeed, there are potent and persuasive reasons for the present effectiveness of the six months provision of Section 3697. Otherwise a fluctuation in real estate values would place the municipality at a decided • advantage, since the municipality would have the option, at the end of years of litigation, to take or abandon the property at the value fixed at the initiation of the proceeding; whereas the owner of the property would have no such option.
 

 It is significant that during the entire history of the legislation authorizing municipalities to exercise the power of eminent domain, the provision that the probate court may suspend, upon terms, the execution of any order pertaining to the condemnation of property has been carried in substantially the same form. And since this provision in point of origin is on a parity with the six months provision, we know of no reason why those two provisions are not
 
 in pari materia,
 
 and why they should not be so construed as to give effect to each. “On terms” necessarily means that the suspension, if made, may be made upon such terms as will prevent either party from reaping an unjust and inequitable advantage out of a delay authorized by such suspension, a result which could not be accomplished by construing the provision authorizing the municipality “to prosecute error as in other civil actions” as repealing the six months provision by implication.
 

 We are of opinion that the power conferred by Section 3695, General Code, upon the probate court, to suspend any order, operates as a qualification
 
 *447
 
 of the six months provision of Section 3697, and that it is the only way in which the operation of that provision may be stayed; that by the provision of Section 3695 “the trial court, upon proper terms, may suspend the execution of any order,” which in the original enactment (66 Ohio Laws, p. 239, Section 530) was in the following words, “When such petition [a petition in error similar to a present- petition in error from a justice’s court] shall be filed, the court of common pleas may suspend the execution of any order * * * on such terms as may be deemed proper,” the Legislature imposed in the trial court a power and discretion to refuse to suspend, or to suspend upon terms, the operation of any order affecting thé rights of the parties to the proceedings; that the discretion imposed is a broad power, enacted for the purpose of enabling the trial court, if a suspension is granted, to make the terms thereof such as may promote rather than thwart justice.
 

 The only limitation which the Legislature has placed upon the nature and extent of the terms upon which the suspension may be granted is in the following language of Section 3695 :
 

 “But in all cases where the municipal corporation pays or deposits the compensation assessed, and gives adequate security for any further compensation and costs, the right to take and use the property condemned shall not be affected by such review.”
 

 The power of the trial court to fix the terms of suspension of any order enables such court, by terms, to prevent any injustice to either party which could or would result from delay in payment
 
 *448
 
 or delay in possession. To accomplish, the purpose for which the six months provision was enacted, the two sections, being
 
 in pari materia
 
 in that respect, will be so construed, and effect will be given to each.
 
 No
 
 suspension of the order of the trial court affirming and approving the appraisement of the jury having been obtained, the six months provisions of Section 3697, General Code, terminated the right of the plaintiff in error to exercise further right to the property under the condemnation proceedings.
 

 Judgment affirmed.
 

 Day, Arlen, Kinkade, Jones and Matthias, JJ., concur.